FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
10/20/2023 1:09 PM
KATHLEEN VIGIL CLERK OF THE COURT
Jacqueline Rosales Juarez

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

NEW MEXICO PUBLIC SCHOOLS INSURANCE AUTHORITY,

    Plaintiff,

v.

                                                D-101-CV-2023-02567
                                         No. ~~D-101-CV-2023-~~_____

EXPRESS SCRIPTS, INC.,
                                          Case assigned to Biedscheid, Bryan

    Defendant.

## COMPLAINT FOR BREACH OF CONTRACT, BREACH OF FIDUCIARY DUTIES, AND VIOLATIONS OF THE UNFAIR PRACTICES ACT

Plaintiff New Mexico Public Schools Insurance Authority ("NMPSIA"), for its complaint against Defendant Express Scripts, Inc. ("ESI"), alleges and states as follows:

### Parties, Jurisdiction, and Venue

1.    Plaintiff NMPSIA is a statutorily created entity having its principal place of business in Santa Fe County. The New Mexico legislature established NMPSIA in 1986 for the purposes, among others, of procuring health insurance coverage for public-school employees and "maximiz[ing] cost containment opportunities" for such coverage. NMSA 1978, § 22-29-2 (2008).

2.    Defendant ESI is a Delaware corporation having its principal place of business in Missouri. ESI is a pharmacy benefits management company ("PBM"). PBMs are third-party administrators of prescription drug programs.

3.    This Court has jurisdiction over the subject matter of the action, and has jurisdiction over ESI under NMSA 1978, § 38-1-16(A)(1) (1971), and under Section 18 of the contract described below.

**EXHIBIT A**

4.      Venue is proper under NMSA 1978, § 38-3-1(F) (1988), and under Section 18 of the contract described below.

## Background

5.      NMPSIA and ESI (collectively, "the parties") entered into a Pharmaceutical Benefits Management Services Agreement ("Agreement") having an effective date of July 1, 2018.  The Agreement is confidential but will be attached as Exhibit A to the copy of the complaint served on ESI.

6.      The parties subsequently executed an amendment to the Agreement having an effective date of January 1, 2020 ("Amendment").  The Amendment is confidential but will be attached as Exhibit B to the copy of the complaint served on ESI.

7.      Under the Agreement and the Amendment, ESI agreed to perform certain pharmacy benefits management services for NMPSIA and for the public-school employees who were members of NMPSIA's health plans.

## Minimum Rebate Guarantees

8.      Schedule C-3 of the Agreement provides that ESI will pay to NMPSIA the greater of (a) 100% of the rebates and manufacturer administrative fees that ESI received from pharmaceutical manufacturers, or (b) specific amounts dependent on NMPSIA's fulfillment of particular "Plan design conditions."  The parties have referred to these provisions as "Minimum Rebate Guarantees."

9.      With respect to non-specialty drugs, Section 1.2 of Schedule C-3 excludes from the scope of the Minimum Rebate Guarantees "Member Submitted Claims, Subrogation Claims, Exclusive or Limited Distribution Products, vaccines, OTC products, claims older than 180 days,

**EXHIBIT A**

claims through [NMPSIA-controlled] pharmacies, … 340b pharmacies, and claims pursuant to a 100% Member Copayment plan."

10.     With respect to specialty drugs, Section 2.2 of Schedule C-3 excludes from the scope of the Minimum Rebate Guarantees "Member Submitted Claims, Subrogation Claims, Exclusive or Limited Distribution Products, vaccines, OTC products, claims older than 180 days, coordination of benefit claims, 340b pharmacies, and claims pursuant to a 100% Member Copayment plan."

11.     In 2022, NMPSIA's consultant, The Segal Group, Inc. ("Segal"), conducted an audit of the financial performance of the pharmacy benefits program that ESI administered for NMPSIA under the Agreement and the Amendment.  The audit covered the period July 1, 2018, through June 30, 2020.  Segal reported its findings to NMPSIA on or about August 1, 2022.

12.     Segal determined that ESI had underpaid the Minimum Rebate Guarantees by $2,975,148, primarily because ESI had excluded from the scope of the Minimum Rebate Guarantees so-called Dispense as Written ("DAW") code 1 or 2 claims for which NMPSIA pays a generic-drug cost and NMPSIA's member is billed the difference between that cost and the cost of the prescribed name-brand drug.

13.     ESI admitted that it had excluded DAW 1 and 2 claims from its calculations, explaining that it did so "[i]n an effort to preserve the true economic value" of the generic pricing that governed NMPSIA's financial responsibility for such claims.

14.     But neither DAW 1 and 2 claims nor generic drugs are excluded from the scope of the Minimum Rebate Guarantees by Section 1.2 or Section 2.2 of Schedule C-3, or otherwise.

15.     There is no contractual basis for ESI's exclusion of DAW 1 and 2 claims from the scope of the Minimum Rebate Guarantees.

**EXHIBIT A**

## Average Wholesale Price Discount Guarantees

16.     Schedule C-2 of the Agreement provides that ESI will pay certain drug-price discounts to NMPSIA.   The parties have referred to these provisions as "Average Wholesale Price ('AWP') Discount Guarantees."

17.     In its 2022 audit of the financial performance of the pharmacy benefits program that ESI administered for NMPSIA under the Agreement and the Amendment, Segal determined that ESI had underpaid the AWP Discount Guarantees by a total of $1,612,535 between January 1 and June 30, 2020.

18.     That deficiency is attributable to a single sentence in the portion of the Amendment that deletes Section 5.4 from Schedule C-2 in the original Agreement and replaces it with a new Section 5.4.   The new sentence reads:   "ESI will pay the shortfall, if any, between [NMPSIA's] net cost and the applicable guarantee, excluding claims with $0 cost to [NMPSIA]."

19.     NMPSIA and Segal interpret this sentence to require the exclusion of zero-balance-due claims from the overall calculation of the AWP Discount Guarantees.

20.     ESI, by contrast, asserts that "[t]he clause 'excluding claims with $0 cost to [NMPSIA]' modifies the word 'shortfall.'   Thus, in the event there is a shortfall, ESI is contractually permitted to exclude from that shortfall calculation claims with $0 cost to NMPSIA."

21.     ESI's construction of the sentence is contrary to basic grammatical rules and inconsistent with the structure of other sentences within the Amendment.

4

**EXHIBIT A**

22.     ESI's interpretation of the sentence is also at odds with ESI's representation, while the Amendment was being negotiated, that the Amendment would "save [NMPSIA] … money."

23.     The sentence appeared in ESI's original draft of the Amendment but was omitted from ESI's penultimate draft.  When NMPSIA and Segal specifically brought the omission to ESI's attention and asked ESI whether the omission would "have [an] impact," ESI responded by restoring the sentence, without disclosing that the "impact" of the sentence as ESI interpreted it would be significantly in ESI's favor.

24.     ESI's interpretation of the sentence vests ESI with broad discretion to manipulate the calculation of AWP Discount Guarantees so as to minimize the amounts owed to NMPSIA.

## Count I:  Breach of Contract

25.     NMPSIA incorporates the foregoing allegations as if they were fully set forth herein.

26.     Under the Agreement and the Amendment, ESI owes NMPSIA unpaid Minimum Rebate Guarantees in the amount of $2,975,148, and unpaid AWP Discount Guarantees in the amount of $1,612,535, for a total of $4,587,683.

27.     ESI has breached the Agreement and the Amendment by failing and refusing to perform those payment obligations.

## Count II:  Breach of Fiduciary Duties

28.     NMPSIA incorporates the foregoing allegations as if they were fully set forth herein.

29.     As a PBM, ESI owed NMPSIA fiduciary duties under the New Mexico Insurance Code.

**EXHIBIT A**

30.    To the extent that the Amendment vested ESI with discretionary control over the computation of AWP Discount Guarantees and thus over its own compensation, ESI owed fiduciary duties to NMPSIA under the Amendment.

31.    ESI breached its fiduciary duties to NMPSIA in promoting, drafting, negotiating, construing, and administering the AWP Discount Guarantees under the Amendment.

## Count III:  Violations of the Unfair Practices Act

32.    NMPSIA incorporates the foregoing allegations as if they were fully set forth herein.

33.    New Mexico's Unfair Practices Act prohibits unfair or deceptive trade practices, including "representing that … services have … characteristics … [or] benefits … that they do not have," "making false or misleading statements of fact concerning the price of … services … or the … amounts of price reduction," and "using exaggeration … or ambiguity as to a material fact or failing to state a material fact if doing so deceives or tends to deceive."  NMSA 1978, § 57-12-2(D)(5), (11), (14) (2019); see id. § 57-12-3 (1971).

34.    To the extent that ESI's interpretation of the AWP Discount Guarantees in the Amendment is determined to be correct, ESI engaged in unfair or deceptive trade practices in promoting, negotiating, and otherwise communicating with NMPSIA about the Amendment.

35.    ESI willfully engaged in those unfair or deceptive trade practices.

WHEREFORE, Plaintiff NMPSIA respectfully requests that the Court award NMPSIA:

A.    compensatory damages for breach of contract, or alternatively for breach of contract in connection with the Minimum Rebate Guarantees and breach of fiduciary duties in connection with the AWP Discount Guarantees, or alternatively for breach of contract in

6

**EXHIBIT A**

connection with the Minimum Rebate Guarantees and violations of the Unfair Practices Act in connection with the AWP Discount Guarantees;

B.      restitution of compensation paid by NMPSIA to ESI, or disgorgement of ESI's profits, for breach of fiduciary duties in connection with the AWP Discount Guarantees, to the extent appropriate;

C.      treble damages under NMSA 1978, § 57-12-10(B) (2005), for violations of the Unfair Practices Act in connection with the AWP Discount Guarantees, to the extent appropriate;

D.      costs and interest as allowable by law;

E.      attorneys' fees under § 57-12-10(C) of the Unfair Practices Act or otherwise; and

F.      such further relief as the Court deems just and proper.

7

**EXHIBIT A**

ESQUIVEL & HOWINGTON, LLC

By:___/s/ Marty Esquivel_____
    Martin R. Esquivel
111 Lomas Boulevard NW, Suite 203
Albuquerque, New Mexico 87102
Telephone:  505-933-6880
mesquivel@esqlawnm.com

and

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By:___/s/ Kip Purcell_____
    Charles K. Purcell
Post Office Box 1888
Albuquerque, New Mexico 87103
Telephone:  505-765-5900
kpurcell@rodey.com

Attorneys for Plaintiff
    New Mexico Public Schools Insurance Authority

**EXHIBIT A**

**SUMMONS**

| | |
|---|---|
| STATE OF NEW MEXICO<br>COUNTY OF SANTA FE<br>FIRST JUDICIAL DISTRICT COURT<br>First Judicial District Court of New Mexico<br>225 Montezuma Ave<br>Santa Fe, NM 87501<br>Phone:(505) 455-8250 | Case Number:  ~~D-101-CV-2023-~~<br>D-101-CV-2023-02567<br>Judge: Biedscheid, Bryan |
| NEW MEXICO PUBLIC SCHOOLS<br>INSURANCE AUTHORITY,<br><br>   Plaintiff,<br><br>v.<br><br>EXPRESS SCRIPTS, INC.,<br><br>   Defendant. | NAME OF DEFENDANT AND ADDRESS:<br><br>Name:   CT Corporation System, Registered Agent for<br>        Express Scripts, Inc.<br><br><br>Address: 206 S Coronado Ave<br>         Espanola, NM 87532 |

**TO THE ABOVE NAMED DEFENDANT(S)**:  Take notice that:

1.   A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

2.   You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA)  The Courts address is listed above.

3.   You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.   If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.   You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

6.   If you need an interpreter, you must ask for one in writing.

7.   You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at _____Santa Fe_____, New Mexico, this ____20____ day of _____October_____, 2023

Kathleen Vigil
_____
CLERK OF DISTRICT COURT

By: _____
   Deputy

THIS SUMMONS IS ISSUED PURSUANT TO
RULE 1-004 OF THE NEW MEXICO RULES OF
CIVIL PROCEDURE FOR DISTRICT COURTS.

Charles K. Purcell
Rodey, Dickason, Sloan, Akin & Robb, P.A.
P.O. Box 1888
Albuquerque, NM  87103-1888
Phone:  (505) 765-5900
Fax:  (505) 768-7395
E-mail:  kpurcell@rodey.com
*Attorneys for Plaintiff*

**EXHIBIT A**

**RETURN**

STATE OF NEW MEXICO                              )
                                                                        ) ss
COUNTY OF _____         )

      I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this Summons in _____ County on the _____ day of _____, 2023, by delivering a copy of this **Summons, Complaint for Breach of Contract, Breach of Fiduciary Duties, and Violations of the Unfair Practices Act; a Court-Annexed Arbitration Certificate**; Plaintiff New Mexico Public Schools Insurance Authority's First Set of Interrogatories to Defendant Express Scripts, Inc.; and Plaintiff New Mexico Public Schools Insurance Authority's First Set of Requests for Production to Defendant Express Scripts, Inc. in the following manner:

<b>(check one box and fill in appropriate blanks)</b>

[ ]     to the Defendant _____

[ ]     to the Defendant by _____ [mail] [courier service] as provided by Rule 1-004 NMRA.

After attempting to serve the Summons and complaint on the Defendant by personal service or by mail or commercial courier service, by delivering a copy of this Summons, with a copy of complaint attached, in the following manner:

[ ]     to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, and by mailing by first class mail to the defendant at _____ a copy of the summons and complaint.

[ ]     to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ and by mailing the summons and complaint by first class mail to the defendant at _____.

[ ]     to _____, an agent authorized to receive service of process for defendant _____.

[ ]     to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____.

[ ]     to _____ (*name of person*), _____, (*title of person authorized to receive service.*).

Fees: _____

_____
Signature of person making service

_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, 2020.

_____
Judge or notary

My commission expires:_____

**EXHIBIT A**

FILED  1st JUDICIAL DISTRICT COURT
~~Santa Fe County~~
10/26/2023 1:43 PM
KATHLEEN VIGIL CLERK OF THE COURT
Amy T Ruiz

## SUMMONS

| | |
|---|---|
| STATE OF NEW MEXICO<br>COUNTY OF SANTA FE<br>FIRST JUDICIAL DISTRICT COURT<br>First Judicial District Court of New Mexico<br>225 Montezuma Ave<br>Santa Fe, NM 87501<br>Phone:(505) 455-8250 | Case Number: ~~D-101-CV-2023~~<br>D-101-CV-2023-02567<br>Judge: Biedscheid, Bryan |
| NEW MEXICO PUBLIC SCHOOLS<br>INSURANCE AUTHORITY,<br><br>    Plaintiff,<br><br>v.<br><br>EXPRESS SCRIPTS, INC.,<br><br>    Defendant. | NAME OF DEFENDANT AND ADDRESS:<br><br>Name:   CT Corporation System, Registered Agent for<br>          Express Scripts, Inc.<br><br>Address: 206 S Coronado Ave<br>         Espanola, NM 87532 |

**TO THE ABOVE NAMED DEFENDANT(S)**: Take notice that:

1.  A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

2.  You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA)  The Courts address is listed above.

3.  You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.  If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.  You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

6.  If you need an interpreter, you must ask for one in writing.

7.  You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at _____Santa Fe_____, New Mexico, this __20__ day of ____October____, 2023

Kathleen Vigil

CLERK OF DISTRICT COURT

By:_____
      Deputy

THIS SUMMONS IS ISSUED PURSUANT TO
RULE 1-004 OF THE NEW MEXICO RULES OF
CIVIL PROCEDURE FOR DISTRICT COURTS.

Charles K. Purcell
Rodey, Dickason, Sloan, Akin & Robb, P.A.
P.O. Box 1888
Albuquerque, NM  87103-1888
Phone:  (505) 765-5900
Fax:  (505) 768-7395
E-mail: kpurcell@rodey.com
*Attorneys for Plaintiff*

**EXHIBIT A**

**RETURN**

STATE OF NEW MEXICO          )
                             ) ss
COUNTY OF *Rio Arriba*       )

    I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this Summons in *Rio Arriba* County on the **23** day of *October*, 2023, by delivering a copy of this **Summons, Complaint for Breach of Contract, Breach of Fiduciary Duties, and Violations of the Unfair Practices Act; a Court-Annexed Arbitration Certificate; Plaintiff New Mexico Public Schools Insurance Authority's First Set of Interrogatories to Defendant Express Scripts, Inc.; and Plaintiff New Mexico Public Schools Insurance Authority's First Set of Requests for Production to Defendant Express Scripts, Inc.** in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]    to the Defendant _____

[ ]    to the Defendant by _____ [mail] [courier service] as provided by Rule 1-004 NMRA.

After attempting to serve the Summons and complaint on the Defendant by personal service or by mail or commercial courier service, by delivering a copy of this Summons, with a copy of complaint attached, in the following manner:

[ ]    to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, and by mailing by first class mail to the defendant at _____ a copy of the summons and complaint.

[ ]    to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ and by mailing the summons and complaint by first class mail to the defendant at _____.

[✗]    to *CT Corporation System* an agent authorized to receive service of process for defendant *Express Scripts*.

[ ]    to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____

[ ]    to _____ (*name of person*), _____ (*title of person authorized to receive service.*).

Fees: **$193.99**

STATE OF NEW MEXICO
NOTARY PUBLIC
LADEMMA NELSON
COMMISSION # 1041808
EXPIRES MARCH 17, 2026

_____
Signature of person making service

_____
Title (*if any*)

Subscribed and sworn to before me this **23rd** day of *October*, 2023

_____
Judge or notary

My commission expires: **03/17/2026**

 Wolters Kluwer

**SOP Intake** Portal

**Date:** Mon, Oct 23, 2023

**Time:** 2:04 PM

**Name:** Drop Service

**Phone:** 505-927-2967

**Juris Served:** NM

**Job ID:** 366417

**Total Entries:** 1

Receipt of the following documents at the date, time and location indicated above.

| Entity Served | Agent Name | Case No. |
|---|---|---|
| EXPRESS SCRIPTS, INC. | C T CORPORATION SYSTEM | D-101-CV-2023-02567 |

Intake Specialist: Judy Romero

CT Corporation, a Wolters Kluwer Company

**EXHIBIT A**