**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

NEW MEXICO PUBLIC SCHOOLS
INSURANCE AUTHORITY,

     Plaintiff,

v.                                         Civ. No. 23-1034 MV/GBW

EXPRESS SCRIPTS, INC.,

     Defendant.

## PROPOSED FINDINGS & RECOMMENDED DISPOSITION

THIS MATTER comes before the undersigned pursuant to the Honorable Judge Martha Vázquez's Order of Reference (*doc. 30*) on Plaintiff's Amended Motion to Remand (*doc. 15*).  Having reviewed the parties' briefing (*docs. 15, 21, 23*), and being fully advised, I RECOMMEND that the Court GRANT in part and DENY in part Plaintiff's Amended Motion to Remand.

### I.    BACKGROUND

This case arises from the contractual relationship between the New Mexico Public Schools Insurance Authority ("Plaintiff" or "NMPSIA") and Express Scripts, Inc. ("Defendant") in which Defendant provided pharmacy benefit management services to Plaintiff.  *See generally doc. 11; see also doc. 15-2* (Pharmaceutical Benefits Management Services Agreement between Plaintiff and Defendant).  Plaintiff filed its Complaint for Breach of Contract, Breach of Fiduciary Duties, and Violations of the Unfair Practices

Act in the First Judicial District Court, State of New Mexico, County of Santa Fe, on October 20, 2023, against Defendant. *Doc. 1-1.* Defendant removed the case to federal court on November 21, 2023, invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. *Doc. 1.* Defendant's Notice of Removal argues that the amount in controversy exceeds the $75,000 threshold for diversity jurisdiction because, among other damages, Plaintiff is seeking $4,587,683.00 for Defendant's alleged breach of the parties' contract. *Id*. ¶¶ 12-18. Additionally, the Notice of Removal argues that there is complete diversity in citizenship among the parties because Plaintiff is a political subdivision of the state and is therefore a citizen of the state of New Mexico, and Defendant is a citizen of Delaware and Missouri. *Id*. ¶¶ 7-11.

On December 27, 2023, Plaintiff filed the instant Motion to Remand (the "Motion") on the basis that diversity jurisdiction does not exist because it is an arm-of-the-state of New Mexico, rather than one of the state's citizens. *Doc. 15* at 2-14. Alternatively, Plaintiff argues that the parties' contract specified an exclusive New Mexico state-court forum. *Id*. at 14-16. Defendant filed its response on January 4, 2024. *Doc. 21.* Briefing on the Motion was complete on January 18, 2024, *doc. 24*, with the filing of Plaintiff's reply, *doc. 23*.

## II.  LEGAL STANDARD

A defendant may remove an action to federal court if a United States district court would have original jurisdiction over the action. 28 U.S.C. § 1441(a). Pursuant to

2

28 U.S.C. § 1332(a)(1), a federal district court has subject matter jurisdiction over an action if the parties are diverse in citizenship and the amount in controversy exceeds $75,000. Because federal courts are courts of limited jurisdiction, there is a presumption against removal jurisdiction and the party invoking federal jurisdiction bears the burden of proof. *Penteco Corp. v. Union Gas System, Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). If, at any time, "a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005) (citation and quotation omitted).

## III.   ANALYSIS

Plaintiff argues that remand is appropriate because diversity jurisdiction does not exist. Specifically, Plaintiff contends that it is an arm-of-the-state of New Mexico and is therefore not a citizen of New Mexico. *Doc. 15* at 2-14. Alternatively, Plaintiff argues that remand is appropriate because the parties' contract contains a forum selection clause that mandates an exclusive New Mexico state court venue. *Id*. at 14-16.

Defendant argues that remand is inappropriate because diversity jurisdiction does exist. Specifically, Defendant contends that Plaintiff is a citizen of New Mexico because it is a political subdivision, not an arm-of-the-state. *Doc. 21* at 2-11. Additionally, Defendant argues that the parties' contract does not mandate venue in New Mexico state court because the applicable forum selection clause is permissive, not mandatory. *Id*. 11-14.

Based on the following reasoning, the undersigned recommends that the Court remand this case back to the First Judicial District Court, State of New Mexico, County of Santa Fe, because the parties' contract mandates venue in New Mexico state court.

### A. Forum Selection Clause

The parties' contract contains a forum selection clause. *Doc. 15-2* ¶ 18. Defendant does not dispute the general validity of the forum selection clause. *See generally doc. 21.* Rather, the parties disagree regarding the interpretation of the second sentence in the forum selection clause. The complete forum selection clause at issue states:

> The laws of the State of New Mexico shall govern this Agreement, without giving effect to its choice of law provisions. Venue shall be proper only in a New Mexico court of competent jurisdiction in accordance with NMSA 1978, § 38-3-1(G). By execution of this Agreement, Contractor acknowledges and agrees to the jurisdiction of the courts of the State of New Mexico over any and all lawsuits arising under or out of any term of this Agreement.

*Doc. 15-2* ¶ 18.

### i. *Applicable legal standards regarding forum selection clauses.*

A valid forum selection clause may prohibit a federal court from exercising jurisdiction if the parties contractually agree to litigate matters elsewhere. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972); *Riley v. Kingsley Underwriting Agencies*, Ltd., 969 F.2d 953, 957 (10th Cir. 1992). Forum selection clauses are frequently classified as either mandatory or permissive. *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 321 (10th Cir. 1997) (citations omitted). "Mandatory forum selection clauses contain

clear language showing that jurisdiction is appropriate only in the designated forum," whereas "permissive forum selection clauses authorize jurisdiction in a designated forum, but do not prohibit litigation elsewhere." *Id*. (internal quotation marks and citations omitted). A forum selection clause specifying only jurisdiction will not be enforced as a mandatory forum selection unless it includes "some additional language indicating the parties' intent to make venue exclusive." *Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc.*, 428 F.3d 921, 927 (10th Cir. 2005) (citation omitted). A valid, mandatory forum selection clause will be enforced "unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992).

A forum selection clause can constitute waiver of the right to remove. *Gas Sensing Tech. Corp. v. Ashton*, 795 Fed. App'x 1010, 1016 (10th Cir. 2020). "To constitute a waiver of the right to remove, the agreement must not only identify a specific venue but also include language requiring the parties to resolve disputes in a specific court." *Id*. (citation omitted). "That is so because waiver of the statutory right to removal must be clear and unequivocal." *Id*. (internal quotations and citations omitted).

The parties do not discuss or debate what body of law governs the interpretation of the forum selection clause. The Tenth Circuit has applied federal law to interpret forum selection clauses when "there are no material discrepancies between [state] law and federal common law on these matters." *Excell, Inc.* 106 F.3d at 320-21 (finding it

5

unnecessary to decide choice of law issue because Colorado law and federal common law treated forum selection clauses in a similar manner); *see also SBKC Serv. Corp. v. 111 Prospect Partners, L.P.*, 105 F.3d 578, 582 (10th Cir. 1997) ("This decision also makes unnecessary exploration of whether federal common law or Kansas law should apply because the result would be the same in either case.").  However, more recent cases suggest that when a contract includes a choice-of-law provision, courts should apply the parties' chosen law to questions of interpretation.  *See Yavuz v. 61 MM, Ltd.*, 465 F.3d 418, 421 (10th Cir. 2006) ("We hold that when an international commercial agreement has both choice-of-law and forum-selection provisions, the forum-selection provision must ordinarily be interpreted under the law chosen by the parties."); *see also Jones v. KP&H LLC*, 288 Fed. App'x. 464 (10th Cir. 2008) ("Because [the contract] provides that Kansas law governs the construction of its terms, we apply Kansas substantive law to [the choice of venue clause].") (citing *Yavuz*).

Here, the parties' contract clearly stipulates that New Mexico law governs the contract, so the undersigned will interpret the contract's forum selection clause under New Mexico law.  Even so, this choice of law distinction is one which makes little practical difference.  New Mexico precedent mirrors that of the Tenth Circuit recognizing that the general rule for forum selection clauses is that "when venue is specified in a forum selection clause with mandatory or obligatory language, the clause will be enforced."  *Mueller v. Sample*, 93 P.3d 769, 773 (N.M. Ct. App. 2004).  In fact, the

New Mexico Court of Appeals expressly cites to and relies on the forum selection clause

rules set forth as federal common law by the Tenth Circuit.  *See id.* (relying on *K & V*

*Scientific Co. v. BMW*, 314 F.3d 494 (10th Cir. 2002) as well as *Excell, Inc., SBKC Serv.*

*Corp.*, and *Milk 'N' More*).  Accordingly, the undersigned will interpret the forum

selection clause under New Mexico law, which in turn has adopted the interpretation

rules of federal common law in the Tenth Circuit.

> ii.   *Sentence #2 of the forum selection clause applies in this case thus*
> *mandating an exclusive New Mexico state court venue.*

The parties dispute how the court should interpret the second sentence in the

forum selection clause.  The forum selection clause contains three sentences:

> **Sentence #1:** The laws of the State of New Mexico shall govern this Agreement,
> without giving effect to its choice of law provisions.

> **Sentence #2:** Venue shall be proper only in a New Mexico court of competent
> jurisdiction in accordance with NMSA 1978, § 38-3-1 (G).

> **Sentence #3:** By execution of this Agreement, Contractor acknowledges and
> agrees to the jurisdiction of the courts of the State of New Mexico
> over any and all lawsuits arising under or out of any term of this
> Agreement.

*Doc. 15-2* ¶ 18.

This exact forum selection clause was recently interpreted in *Howes v. New Mexico*

*Dep't of Health,* 2023 WL 1419832 (D.N.M. Jan. 31, 2023).  In *Howes,* the Court determined

that the forum selection clause mandated a New Mexico court venue because it

specified jurisdiction (Sentence #3) and venue with mandatory or obligatory language

(Sentence #2).  *Howes*, 2023 WL 1419832, at *60.  In making this conclusion, the Court stated that Sentence #3 alone would not mandate a New Mexico court venue because "[w]here only jurisdiction is specified, courts generally will not enforce the clause unless the parties also have indicated their intent to make venue exclusive."  *Id*. (citing to *K & V Sci. Co.*, 314 F.3d at 499).  Nevertheless, Sentence #2 and Sentence #3, read together as specifying jurisdiction and venue with mandatory or obligatory language, mandated venue in a New Mexico court.  *Id*.

The *Howes* court further held that the forum selection clause only contemplates placing venue in New Mexico state courts, and not New Mexico federal courts, because Sentence #2 includes the phrase "in accordance with NMSA 1978, § 38-3-1 (G)" which is a New Mexico statute that refers explicitly to the state district courts.  *Id*. at *60-61.  N.M. Stat. Ann. § 38-3-1 is titled "County in which civil action in district court may be commenced," and states that "[a]ll civil actions commenced in the district courts shall be brought and shall be commenced in counties as follows and not otherwise[.]"  N.M. Stat. Ann. § 38-3-1 (2023).  Subsection (G) then specifies the appropriate venue for suits against state officers:

> Suits against state officers as such shall be brought in the court of the county in which their offices are located, at the capital or in the county where a plaintiff, or any one of them in case there is more than one, resides, except that suits against the officers or employees of a state educational institution as defined in Article 12, Section 11 of the constitution of New Mexico, as such, shall be brought in the district court of the county in which the principal office of the state educational institution is located or the district court of the county where the plaintiff resides.

N.M. Stat. Ann. § 38-3-1(G) (2023).  In holding that the forum selection clause mandated a New Mexico State court venue, the *Howes* court read "in accordance with NMSA 1978, § 38-3-1 (G)" as a statement the parties relied on "to identify the appropriate county [in which to bring suit], which may vary depending on the relevant State office's location." *Howes*, 2023 WL 1419832, at *61.  Neither party disputes the analysis in *Howes* and the undersigned agrees with the *Howes* court's reasoning and interpretation of the subject forum selection clause.  *See doc. 15* at 15-16 and *doc. 21* at 12-13.

Notwithstanding the parties' and the Court's agreement with *Howes*, it does not wholly resolve the dispute because of a potentially key distinction.  In *Howes*, the lawsuit was brought against a state entity whereas, in the instant case, the lawsuit is brought by the state entity.  *Id.* at *3.  Defendant contends that this distinction makes all the difference.

Defendant highlights that Sentence #2 concludes with the language "in accordance with NMSA 1978, § 38-3-1 (G)."  Because that statutory provision specifies the appropriate venue for suits *against* state officers and this suit is *brought by* a state entity, Defendant reasons that Sentence #2 does not apply.  *Doc. 21* at 11-14.  That is, Defendant would have the Court read Sentence #2 as only applying when suit is brought against state officers and not when, as here, suit is brought by NMPSIA.  Plaintiff NMPSIA, among other things, contends that the drafters of the contract included "in accordance with NMSA 1978, § 38-3-1 (G)" to confirm that "a New Mexico

court of competent jurisdiction" means a state court because § 31-1-3(G)'s "language refers explicitly to State district courts." *Doc. 23* at 10 (citing to *Howes*, 2023 WL 1419832, at *61).

As the parties do not dispute the *Howes* court's reasoning and interpretation of the subject forum selection clause, the question is straightforward. If Sentence #2 applies in a case where NMPSIA is the plaintiff, it is read together with Sentence #3 and mandates a New Mexico State court venue. If Sentence #2 does not apply in such a case, it leaves Sentence #3 as the lone language specifying jurisdiction which would not be enforced as a mandatory forum selection clause.[1] *See K & V Sci. Co.*, 314 F.3d at 499. The undersigned concludes that Sentence #2 of the parties' forum selection clause applies even when suit is brought by a state entity and not against a state officer.

In construing Sentence #2, the undersigned applies general rules of contractual interpretation. *See Kelvion, Inc. v. PetroChina Canada, Ltd.*, 918 F.3d 1088, 1092 (10th Cir. 2019) ("The scope of a forum selection clause is evaluated according to ordinary principals of contractual interpretation."). "The primary objective in construing a contract is to ascertain the intention of the parties." *Mobile Invs. v. Spratte*, 605 P.2d 1151, 1152 (N.M. 1980). When the language used is clear and unambiguous, it is conclusive, *ConocoPhillips Co. v. Lyons*, 299 P.3d 844, 852 (N.M. 2012) (quoting *Cont'l Potash, Inc. v.*

---

[1] Plaintiff does not point to any additional language indicating the parties' intent to make New Mexico venue exclusive. *See K & V Scientific Co. v. BMW*, 314 F.3d 494, 499 (10th Cir. 2002).

*Freeport-McMoran, Inc.*, 858 P.2d 66, 80 (N.M. 1993)), and the words "are to be given

their ordinary and usual meaning." *Id*. (citation and internal quotation omitted).

Additionally, courts are to consider "the documents as a whole to determine how they

should be interpreted." *Rojas v. Reliable Chevrolet (NM), LLC*, 539 P.3d 1253, 1257 (N.M.

Ct. App. 2023) (citation and internal quotation omitted).

 Sentence #2 of the forum selection clause unambiguously states that "[v]enue

shall be proper only in a New Mexico court of competent jurisdiction in accordance

with NMSA 1978, § 38-3-1 (G)."  Defendant argues that the phrase "in accordance with

NMSA 1978, § 38-3-1 (G)" negates the *entire sentence* when suit is brought by a state

entity.  *See doc. 21* at 13.  The undersigned is not persuaded by this argument.

 First, the phrase "in accordance with" means "in a way that agrees with or

follows (something, such as a rule or request)."  *See in accordance with*, Merriam-Webster

Dictionary, https://www.merriam-webster.com/dictionary/in%20accordance%20with

(last visited July 29, 2024); *see also Rust Tractor Co. v. S. Union Gas Co.*, 512 P.2d 83, 84

(N.M. 1973) (New Mexico Supreme Court defining "cause" as defined by the Webster's

Third New International Dictionary to determine its ordinary and usual meaning).

Thus, Sentence #2 provides that venue shall be proper only in a New Mexico court of

competent jurisdiction in a way that agrees with or follows § 38-3-1(G).  Defendant's

interpretation would read "in accordance with" to mean something like "only if

required by."  Instead, the phrase is more properly understood as meaning that, if the

conditions described in § 38-3-1(G) are present – a party has brought suit against a state

officer – the party bringing suit must do so, not only in *a* New Mexico state court, but in

the correct county as set forth in § 38-3-1(G).  This conclusion, of course, does not render

all of Sentence #2 meaningless if the lawsuit is not brought against a state officer.  In

that circumstance, the broader directive of Sentence #2 – "Venue shall be proper only in

a New Mexico court of competent jurisdiction" – still governs.

Second, a natural reading of the forum selection clause as a whole displays the

parties' intent to litigate in a New Mexico State court.  *Rojas*, 539 P.3d at 1257; *see Piano*

*v. Premier Distrib. Co.*, 107 P.3d 11, 15 (N.M. Ct. App. 2004) (New Mexico Court of

Appeals analyzing two sentences in an arbitration agreement together based on their

most natural reading).  The parties first agreed to a venue in a New Mexico court of

competent jurisdiction and then agreed to the jurisdiction of the courts of the State of

New Mexico.[2]  Because the appropriate New Mexico state court venue varies depending

on the relevant state office's location if a third party wants to sue a state officer, the third

party can "rely on § 38-3-1(G)'s language to identify the appropriate county" to bring

suit.  *Howes*, 2023 WL 1419832, at *61.  To sum it up, the parties' intent to litigate in a

New Mexico state court is clear from a natural reading of the whole forum selection

clause, and the inclusion of the phrase "in accordance with NMSA 1978, § 38-3-1 (G)"

---

[2] The Tenth Circuit has concluded that U.S. District Courts are not courts of the various states in which
they are located.  *Am. Soda, LLP*, 428 F.3d at 926.

12

simply points a third party to the language of the statute so they can bring suit against a state entity in the correct county. Indeed, Defendant's contrary interpretation would lead to a peculiar and unnatural result if it had initiated the lawsuit against only NMPSIA. Because NMPSIA is not a "public officer" but is instead an entity, Defendant, according to its logic, would still not be bound by the venue clause. In short, the natural reading of the relevant contractual language supports a finding that the venue clause was mandatory in all cases.

The undersigned concludes that Sentence #2 applies even when the suit is brought by the state entity and not against a public officer. Accordingly, Sentence #2 and Sentence #3 are to be read together and the forum selection clause mandates a New Mexico State court venue because it specifies jurisdiction (Sentence #3) and venue with mandatory or obligatory language (Sentence #2). Because the forum selection clause identifies a specific venue and also includes language requiring the parties to resolve disputes in a specific court, it constitutes a waiver of Defendant's right to remove to federal court.

The parties' forum selection clause is valid and mandatory. Given that Defendant has not shown the forum selection clause to be unreasonable under the circumstances, the undersigned recommends that the Court enforce it. *Milk 'N' More*, 963 F.2d at 1346. Because the parties' contract mandates an exclusive New Mexico state

court, the undersigned need not, and does not, address whether Plaintiff is an arm-of-the-state of New Mexico.

###    B.  Attorney's Fees

Plaintiff seeks attorney fees pursuant to 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Porter Tr. v. Rural Water Sewer & Solid Waste Mgmt. Dist. No. 1*, 607 F.3d 1251, 1253 (10th Cir. 2010) (*quoting Martin v. Franklin Cap. Corp.*, 546 U.S. 123, 141 (2005)).

In light of the contractual analysis discussed above, while Defendant's attempts to argue that Sentence #2 of the forum selection clause only applies when suit is brought against a state entity are unsuccessful in the undersigned's view, the undersigned cannot characterize Defendant's arguments as "objectively unreasonable."  As such, an award of fees and costs is not warranted.

**IV.   CONCLUSION**

Based on the foregoing reasoning, the undersigned RECOMMENDS that the Court GRANT in part and DENY in part Plaintiff's Amended Motion for Remand (*doc. 15*) by granting Plaintiff's request for remand to the First Judicial District Court, State of New Mexico, County of Santa Fe, and denying Plaintiff's request for attorney's fees.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**